Steven C. Vondran, Esq. [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**
One Sansome Street, Suite 3500
San Francisco, California 94104
Telephone: (877) 276-5084
steve@vondranlegal.com

Attorney for Plaintiff: MICHAEL WINTERS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WINTERS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>TROY TORAIN, an individual<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. §512(F)**<br><br>2. **ABUSE OF PROCESS**<br><br>**Demand for Jury Trial** |

COMES NOW Mr. Michael Winters ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Troy Torain ("*Defendant*") and hereby states and alleges as follows:

### **INTRODUCTION**

1. This action seeks to recover damages for knowing material misrepresentation under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §512(f), arising from Defendant's repeated and false DMCA takedown notices directed to YouTube, LLC, a California-based company.

– 1 –

COMPLAINT

4. Plaintiff operates a satirical commentary channel focusing on hip-hop culture, podcasts, and online media commentary. His Videos are original works incorporating short factual clips and commentary protected under fair use

5. Defendant operates various online media platforms and accounts, including a YouTube channel and associated social media accounts (collectively, the "Accounts").

6. Defendant knowingly submitted false DMCA takedown notices and improper Copyright Claims Board filings targeting Plaintiff's lawful fair use Videos and engaged in this misconduct intentionally and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff MICHAEL WINTERS is an individual and a citizen of the State of California residing in Sacramento County, California.

8. Upon information and belief, Defendant TROY TORAIN is an individual residing in the State of North Carolina.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a) because this action arises under the copyright laws of the United States.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because YouTube, LLC, the recipient and processor of the false DMCA notices, is headquartered and conducts its takedown operations within this District.

11. This Court has personal jurisdiction over Defendant because Defendant purposefully directed his activities toward the State of California. Over

a four-month period, Defendant submitted at least eight (8) DMCA takedown notices to YouTube in California, each designed to remove Plaintiff's videos and suppress his speech.

12. After receiving Plaintiff's counter-notifications, Defendant had actual knowledge that Plaintiff was a California resident and continued sending additional notices to YouTube's California offices, knowing the brunt of the harm, including loss of ad revenue, audience reach, and reputation, would be suffered here.

13. Defendant also engaged California legal processes and institutions, including hiring California process servers and using the Sacramento County Sheriff's Department to pursue baseless filings connected to the same dispute. Defendant's conduct extended to communications with California-based media entities, including individuals associated with the "No Jumper" podcast, in an effort to amplify false claims and damage Plaintiff's reputation in California.

14. By repeatedly invoking California-based platforms and enforcement mechanisms, Defendant consented to jurisdiction and purposefully availed himself of the benefits and protections of this forum. His conduct was deliberate, repeated, and calculated to cause injury to a California resident through California entities. Exercising jurisdiction over Defendant in this District is therefore consistent with fair play and substantial justice.

## FACTS COMMON TO ALL CLAIMS

15. Plaintiff operates a YouTube channel that produces satirical commentary on hip-hop culture, online personalities, and podcast content. His Videos use short portions of publicly available media solely for commentary, criticism, and parody, all of which constitute transformative use and are protected under the fair use doctrine set forth in 17 U.S.C. § 107.

16. Beginning in January 2025, Defendant initiated a campaign of

harassment against Plaintiff by filing a series of false and repetitive DMCA takedown notices targeting Plaintiff's videos. Each notice asserted ownership of materials Defendant neither authored nor licensed, including photographs and articles originally published by *The New York Times* (See **Exhibits A-C**). These takedowns were knowingly false and designed to silence Plaintiff's commentary and injure his channel.

17. Around the same time, Defendant and his representative ("Amy - Media") sent a series of threatening emails to Plaintiff demanding that he remove all references to Defendant from his videos and warning that he would be "instructed via the legal process" if he failed to comply (See **Exhibit D**). These communications conditioned withdrawal of the DMCA strike on Plaintiff's agreement to delete or edit content critical of Defendant, demonstrating that Defendant's true intent was to suppress protected speech rather than protect any legitimate copyright interest.

18. On April 14, 2025, Defendant engaged in obstructive communications with the Copyright Claims Board ("CCB"), refusing to complete the standard waiver-of-service process, citing "legal reasons," and copying the Board on unnecessary correspondence (See **Exhibit E**). These actions served no legitimate purpose other than to delay the proceeding and exert pressure on Plaintiff.

19. On April 21, 2025, Plaintiff filed, and YouTube processed formal counter-notifications under 17 U.S.C. §512(g), asserting his fair use rights and identifying his California address (See **Exhibits F-G**). Defendant thus had actual knowledge that Plaintiff was a California resident but continued directing his actions toward California, including additional DMCA filings and communications intended to harm Plaintiff.

20.     On May 1, 2025, Plaintiff's then-counsel, Shahin Damoui, sent a cease-and-desist email to Defendant concerning his prior communications with Plaintiff (See **Exhibit H**). On May 7, 2025, Defendant responded directly, stating, "Proceed at your own peril," while referencing the ongoing CCB matter (See **Exhibit I**).

21.     In July 2025, the CCB dismissed Defendant's claim, Case No. 25-CCB-0017, without prejudice for failure to properly serve Plaintiff within the required timeframe (See **Exhibit J**).

22.     Despite that dismissal, Defendant continued to escalate his conduct. On September 12, 2025, he sent Plaintiff another threatening email stating that he could "re-file [his] case again next week" and conditioning resolution on the removal of Plaintiff's videos critical of him (See **Exhibit K**). These acts show Defendant's continued use of legal threats to coerce censorship rather than to vindicate any legitimate copyright interest.

23.     Throughout 2025, Defendant also coordinated with California-based individuals, including those affiliated with the podcast *No Jumper*, to amplify false claims and orchestrate additional reputational attacks against Plaintiff (See **Exhibit L**).

24.     Defendant's conduct was willful, knowing, and calculated to interfere with Plaintiff's livelihood as a YouTube creator. As a result of these repeated false filings and harassing communications, Plaintiff's videos were removed for extended periods, causing loss of advertising revenue, decreased audience engagement, reputational harm, and emotional distress, as well as the risk of permanent loss of his channel.

# FIRST CAUSE OF ACTION

### (Knowing Material Misrepresentation, 17 U.S.C. §512(f))

25. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

26. Section 512(f) of the DMCA provides that any person who knowingly materially misrepresents that material or activity is infringing shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer.

27. Defendant knowingly and materially misrepresented that Plaintiff's videos infringed his copyrights when he had no ownership interest or authorization to claim such rights.

28. Defendant failed to consider the doctrine of fair use before issuing his takedown notices, in direct violation of the requirement recognized in *Lenz v. Universal Music Corp.,* 815 F.3d 1145 (9th Cir. 2016).

29. Defendant's actions were willful, malicious, and intended to suppress Plaintiff's lawful speech and criticism rather than to protect any legitimate intellectual property interest and was intended to cause injury, which it has succeeded in doing.

30. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including but not limited to lost income, reputational harm, emotional distress, and attorneys' fees.

31. Plaintiff is entitled to actual damages, costs, attorneys' fees, and any other relief the Court deems just and proper pursuant to 17 U.S.C. §512(f).

# SECOND CAUSE OF ACTION

### (*Abuse of Process, under California common law*)

32. Plaintiff incorporates the allegations above and re-alleges them here

33. Defendants filing DMCA lawsuits in the CCB board for the purposes

of seeking to avoid Plaintiff having the ability to have his videos reinstated are improper and constitute an abuse of process.

34. Their abuse of process was done intentionally and for an improper purpose.

35. Such actions wasted judicial and administrative resources of the California, the Sheriff's department, and the CCB board where an injunction could not be issue.

36. They then present the CCB filings to YouTube falsely purporting compliance with the DMCA statues.

37. This, they knew or should have known was not the proper channel and therefore adds to the bad faith claim under 17 U.S.C. 512(f).

38. Wherefore Defendant is liable for damages, and attorney fees.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has violated 17 U.S.C. §512(f) of the Digital Millennium Copyright Act and therefore award damages and monetary relief as follows:

- For a finding that Defendant knowingly and materially misrepresented that Plaintiff's Videos were infringing under 17 U.S.C. §512(f);

- For a finding that Defendant has abused legal process and must pay damages and attorney fees for such willful violation.

- For an award of actual damages suffered by Plaintiff, including lost income, reputational harm, actual damages and consequential losses, in an amount to be proven at trial;

- For an order pursuant to 17 U.S.C. §512(f) enjoining Defendant from submitting further false or bad-faith DMCA takedown notices targeting Plaintiff's lawful works and for abusing the proper legal process;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. §512(f);
- For pre-and post-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

DATED this 16th day of October 2025.

THE LAW OFFICES OF STEVEN C. VONDRAN

/s/ Steve Vondran
Steven C. Vondran, Esq.
Attorney for Michael Winters ("Plaintiff")
One Sansome Street, Suite 3500
San Francisco, California 94104
Telephone: (877) 276-5084
steve@vondranlegal.com

– 8 –

COMPLAINT